665 So.2d 653 (1995)
WEBB CONSTRUCTION, INC., Plaintiff-Appellant,
v.
CITY OF SHREVEPORT, Defendant-Appellee.
No. 27761-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1995.
*654 Evans & Rogers by Evan E. Rogers, Shreveport, for Appellant.
City Attorney's Office by John M. Madison, Jr., Shreveport, for Appellee.
Before NORRIS and STEWART, JJ., and SAVOIE, J. Pro Tem.
NORRIS, Judge.
The plaintiff, Webb Construction, appeals a judgment sustaining the City of Shreveport's exception of no cause of action and dismissing with prejudice Webb's suit for damages. For the reasons expressed, we affirm the judgment insofar as it sustains the exception, but amend and remand to permit Webb to amend its petition, if possible, to state a cause of action. La.C.C.P. art. 934.

Factual background
The following is a synopsis of the allegations in Webb's petition, which we accept as true for purposes of the exception of no cause of action. La.C.C.P. art. 931; Everything on Wheels Subaru Inc. v. Subaru South Inc., 616 So.2d 1234 (La.1993). Webb alleged that in October 1993, the city solicited bids on behalf of the Shreveport Airport Authority to construct an above-ground storage tank fuel farm at Shreveport Regional Airport. Webb prepared and submitted a bid in accordance with the specifications, but the contract was awarded to The Netherton Company. Webb later learned, however, that Netherton's bid may have been flawed, and asked the City to review it. The City replied that Netherton's contract and documentation had been approved by appropriate review procedures. Webb then asked for copies of Netherton's contract, bonds and bid *655 specifications; upon review of these, about a month later, Webb discovered "apparent deficiencies" in the bonds, and questioned the City about them. The City replied that Netherton had cured the deficiencies before the contract was awarded by substituting certified funds in lieu of the required bid bond. Webb then asked for a copy of the certified funds; however, after repeated assurances that the material was forthcoming, on June 16, 1994 the City admitted that Netherton had never substituted certified funds for the defective bid bond. The City then offered Webb $7,500 to settle the matter without litigation, and expressed an intent to seek additional contribution from Netherton; however, by August 15, the City decided not to participate in any settlement.
Webb further alleged that its bid was the second lowest; owing to non-compliance with the Public Contracts Law, La.R.S. 38:2218, Netherton's bid was defective, and the contract should have been awarded to Webb, the lowest responsible bidder. Webb also alleged that despite its knowledge of the flawed bid bond, the City intentionally awarded Netherton the contract. Webb finally alleged that because of the delay resulting from the City's bad faith, the Fuel Farm project had been completed, thus foreclosing the option of nullifying the contract.
Webb filed this suit on August 26, 1994, seeking damages including, but not limited to, loss of profits, attorney fees and any other amounts that might be proved at trial. The City filed an exception of no cause of action, urging that on the authority of Airline Const. Co. v. Ascension Parish Sch. Bd., 568 So.2d 1029 (La.1990), Webb was precluded from recovering damages as an unsuccessful bidder on a public contract because he failed to seek injunctive relief when the facts necessary were known or readily ascertainable to Webb.
The District Court sustained the exception, further ruling that the grounds of objection could not be removed by amendment. Thus the court dismissed Webb's petition with prejudice.

Applicable law
Any contract entered into for the construction of public works contrary to the Public Contracts Law shall be null and void. La. R.S. 38:2220 A. Prior to its 1990 amendment, § 2220 B gave the district attorney in whose district a violation occurred, the attorney general, or any interested party, a right of action to bring suit for appropriate injunctive relief in the district court to nullify a contract entered into in violation of the law. After the amendment, the subsection now provides:
The district attorney in whose district a violation of this Part occurs, the attorney general, or any interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part.
Section 2220 C finally provides that when a judgment of nullity is rendered in an action by the district attorney or attorney general under 2220 B, the district court may award a civil penalty not in excess of $50,000 against each offending member of the governing authority of the public entity who authorized the violation.
Prior to the amendment of § 2220 B, the Supreme Court had analyzed that subsection in Airline Const. Co. v. Ascension Parish Sch. Bd., supra. There the court refused to award damages to an unsuccessful bidder who neglected to enjoin timely the execution or the performance of the contract, when the facts necessary for injunctive relief were known or readily ascertainable by the bidder, was precluded from recovering damages from the public body. The court explained:
[The Public Contracts Law] is a prohibitory law, founded on public policy, which was enacted in the interest of the taxpaying public. The purpose of the law is to prevent public officials from awarding contracts on the basis of favoritism or at possibly exorbitant and extortionate prices.
In a public project advertised for public bidding, there is no contractual relationship *656 between an unsuccessful bidder and the public body who advertises for bids. However, although an unsuccessful bidder does not have a cause of action in contract against the public body, the lowest responsible bidder does have a cause of action to challenge timely the rejection of his bid and to compel the award of the contract to him. Louisiana jurisprudence has long recognized that while a public body has some discretion in awarding public contracts, subject to judicial review, an unsuccessful bidder may sue to enjoin the public body from executing the contract or to set aside the award of the contract to another bidder when the public body acted arbitrarily in selecting the successful bidder.
In 1979 the Legislature amended La. R.S. 38:2220 to recognize expressly this right to injunctive relief when a public body violates the public contract law and to authorize a civil penalty against a member of the public body who authorizes the violation. The statute, however, neither authorizes nor denies a cause of action for damages against the public body.
568 So.2d at 1032 (citations and footnotes omitted).
The Supreme Court in Airline rejected the defendant's suggestion that an unsuccessful bidder does not have a cause of action under any circumstances to recover damages against a public body which awards a public contract in violation of the public bid law. Instead, the court narrowly held that an unsuccessful bidder who fails to resort to the relief granted by statuteby attempting to enjoin timely the execution or performance of the contract, when the facts necessary for injunctive relief are known or readily ascertainable by the bidderis precluded from recovering damages against the public body. See also Murchison, Local Government Law, 52 La.L.Rev. 541, 566 (1992).
Although the petition in Airline Const. Co. failed to state either that a suit for injunction was filed timely or that circumstances rendered the timely filing of a suit for injunctive relief impossible, the plaintiff did assert in brief that it acted with due haste and in a timely fashion. Under those circumstances, the Supreme Court allowed the plaintiff an opportunity to amend its petition, if possible, to state a cause of action. La.C.C.P. art. 934.

Discussion
In brief Webb concedes that prior to the 1990 amendment to R.S. 38:2220 B, the only relief available to an unsuccessful bidder in a public works project was to seek injunctive relief. Webb argues, however, that the amendment permits the unsuccessful bidder to seek relief through ordinary proceedings. Benson Const. Co. v. City of Shreveport, 592 So.2d 1307 (La.1992). Webb urges that after a contract has been actually awarded, the only available statutory relief is a suit like the one it filed, an ordinary action for damages. Webb further argues that its conduct satisfied the court's concerns in Airline Const. Co., supra, in that Webb took every reasonable step to uncover the irregularity before the execution of the contract with Netherton. Because it complied with R.S. 38:2220, Webb contends it is entitled to damages, bid expenses and lost profits. Finally it urges that under La.C.C.P. art. 934, the District Court should have granted Webb leave to amend its petition to remove the grounds of the exception.
We do not read the 1990 amendment to R.S. 38:2220 B as excusing an unsuccessful bidder from the necessity of taking prompt action to remedy an alleged violation of public contracts law. The unsuccessful bidder must still attempt timely to enjoin the execution or performance of a contract, when the facts necessary for injunctive relief are known or are readily ascertainable by the bidder. If the bidder does not take such action, then he is precluded from recovering damages against the public body. Thus we view the rationale of Airline Const. Co., supra, as essentially unchanged by the amendment.
We also do not read the 1990 amendment as permitting a suit for damages independent of the forms of relief specified in the statute. The apparent purpose of the amendment is to recognize a cause of action to enjoin or nullify a defective public contract. A timely (and successful) suit for injunction would block the award or performance of the contract and, for the most part, *657 eliminate the unsuccessful bidder's claim for damages. If an unsuccessful bidder cannot file a timely petition for injunction, as discussed in Airline, then the petition for relief must so specifically state, and it must request that the contract be declared null. Otherwise any claim for damages that the unsuccessful bidder might have will be considered waived.
In the instant case Webb did not sue for nullity or state in specific detail the circumstances that prevented it from filing a timely suit for injunction. Thus the district court did not err in sustaining the exception of no cause of action. However, Webb should be allowed the opportunity to amend its petition with such allegations as would satisfy the requirements of 38:2220 B and remove the grounds of the exception. La. C.C.P. art. 934. The district court was plainly wrong not to order this relief. The judgment will be amended accordingly.

Conclusion
For the reasons expressed, the judgment is affirmed insofar as it sustained the exception of no cause of action and dismissed the petition. The judgment is amended, however, to make the dismissal without prejudice and to allow the plaintiff 10 days from the rendition of this judgment in which to amend the petition. Costs are to be assessed by the district court after remand.
AMENDED AND AFFIRMED; CASE REMANDED.