688 So.2d 134 (1997)
HARD ROCK CONSTRUCTION, INC.
v.
PARISH OF JEFFERSON.
No. 96-CA-797.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 1997.
Robin B. Cheatham, Mark R. Beebe, Douglas H. Edwards, New Orleans, for Appellant Hard Rock Construction.
Ned J. Chiro, Assistant Parish Attorney, Harahan, for Appellee Parish Of Jefferson.
Before GAUDIN, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Hard Rock Construction, Inc., appeals a summary judgment dismissing it's suit for damages and to nullify a public works bid against defendant, the Parish of Jefferson. We affirm.
Defendant advertised and received bids for a public works project to improve Filmore Street from Kenner Avenue to Airline Highway in Jefferson Parish. The original bid package was amended twice, with Addendum No. 3 as the last and effective bid package. On May 2,1995, defendant opened and publicly read the bids. The lowest bidder was Wallace C. Drennan, Inc. (Drennan) who submitted a bid for $496,047. Plaintiff submitted the second lowest bid of $533,571. Subsequently, on May 12, 1995, plaintiff sent a letter to defendant informing it that Drennan had not complied with the formalities of the bid package and Louisiana public bid law by failing to include two documents that were part of the bid proposal package. On June 2, 1995, plaintiff sent defendant another letter requesting defendant to declare Drennan's bid a nullity and award the project to plaintiff, as the next qualified bidder. On June 21, 1995, defendant through its council passed a resolution awarding the job to Drennan. As a result, plaintiff filed suit on August 22, 1995.
On October 6, 1995, defendant filed an Exception of No Right of Action or Motion for Summary Judgment, with exhibits containing *135 affidavits and the original bid proposal section of the bid package and the two addendums that replaced or added to parts of the original. Defendant did not include the entire package. Plaintiff responded with an Opposition Memo, affidavits and the entire original bid package, but not the addendums. On May 24, 1996, the trial judge granted the Motion for Summary Judgment.
On appeal, plaintiff contends that the trial judge erred as a matter of law in holding that a required bid document was deleted by a vague addendum to the bid proposal, where opposing affidavits raise the question of material fact as to whether the addendum deleted the document. Second, plaintiff contends that the trial judge erred under the public bid law in holding that defendant can waive the requirement of a corporate affidavit and/or accept another document in its place. Third, plaintiff asserts that the trial judge erred as a matter of law in holding that plaintiff must seek injunctive relief prior to or as opposed to seeking damages where La.R.S. 38:2220(B) specifically permits a party "through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of the [Public Bid Law]."

MOTION FOR SUMMARY JUDGMENT
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. When a motion for summary judgment is made and supported, an adverse party may not rest on the mere allegations of his pleadings and his response must set forth specific facts showing that there is a genuine issue for trial. La.C.C.P. art. 967; Trondsen v. Irish-Italian Parade Committee, 95-28 (La.App. 5 Cir.5/10/95); 656 So.2d 694, 695-696. The recent amendment to the article on summary judgments did not change the law, but did change the way the courts view summary judgments. Prior to the 1996 amendment, summary judgments were not favored. La.C.C.P. art. 966 now proclaims that they are favored and the rules should be liberally applied.[1]Oakley v. Thebault, 96-0937 (La.App. 4th Cir. 11/18/96); 684 So.2d 488, 489-91.

*136 RELIEF AVAILABLE

Defendant contends that plaintiff's remedy is by injunction, which plaintiff neither sought nor obtained. It further argues that, even if plaintiff's suit for damages and nullity of the contract is proper, the issue is moot since the project has long since been completed[2] Plaintiff disagrees, asserting that the amendment to R.S. 38:2220(B) now permits an ordinary suit to nullify the contract and damages are an appropriate remedy.
La.R.S. 38:2211 et seq. contains the provisions pertaining to public construction contracts. R.S. 38:2220 voids any contract for materials or supplies or for the construction of public works that is contrary to the provisions of the public works contract law. Prior to July 25, 1990 when R.S. 38:2220(B) was amended, section B provided that any interested party could bring an action for injunctive relief to nullify the contract that was entered into in violation of the law. The cases interpreting the statute held that such an action had to be brought timely or otherwise the action was considered waived. See: Airline Const. Co., Inc. v. Ascension Parish School Bd., 568 So.2d 1029 (La.1990).
Section B was amended, effective July 25, 1990. Prior to the amendment in 1990, the statute stated:
§ 2220. Purchase or contract contrary to provisions of this Part void
A. Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.
B. The district attorney in whose district a violation of this Part occurs, the attorney general, or any interested party possesses a right of action to bring suit for appropriate injunctive relief in the district court to nullify a contract entered into in violation of this Part.
C. Where a judgment of nullity is rendered in any action brought by a district attorney or by the attorney general pursuant to Subsection B of this Section the district court may award a civil penalty not in excess of fifty thousand dollars against each offending member of the governing authority of the public entity who authorized the violation. $emphasis added$
The 1990 amendment to Subsection B states:
B. The district attorney in whose district a violation of this Part occurs, the attorney general, or any interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part. [emphasis added]
A case analogous to this is Webb Const., Inc. v. City of Shreveport, 27,761 (La.App. 2 Cir. 12/6/95); 665 So.2d 653. In interpreting the amendment, the Second Circuit court stated:
We do not read the 1990 amendment to R.S. 38:2220 B as excusing an unsuccessful bidder from the necessity of taking prompt action to remedy an alleged violation of public contracts law. The unsuccessful bidder must still attempt timely to enjoin the execution or performance of a contract, when the facts necessary for injunctive relief are known or are readily ascertainable by the bidder. If the bidder does not take such action, then he is precluded from recovering damages against the public body. Thus we view the rationale of Airline Const. Co., supra, as essentially unchanged by the amendment.
We also do not read the 1990 amendment as permitting a suit for damages independent of the forms of relief specified in the statute. The apparent purpose of the amendment is to recognize a cause of action to enjoin or nullify a defective public contract. A timely (and successful) suit for injunction would block the award or performance of the contract and, for the most part, eliminate the unsuccessful bidder's claim for damages. If an unsuccessful *137 bidder cannot file a timely petition for injunction, as discussed in Airline, then the petition for relief must so specifically state, and it must request that the contract be declared null. Otherwise any claim for damages that the unsuccessful bidder might have will be considered waived.
In Airline, the court reasoned that a plaintiff bidder should not be allowed to sit on its knowledge of the violation and claim damages after the public body can no longer as a practical matter correct any errors in letting the contract. Airline Const. Co., Inc. v. Ascension Parish School Bd., 568 So.2d at 1034-1035; Matherne Contractor v. Grinnell Fire Protec. Sys., 915 F.Supp. 818 (M.D.La. 1995).
We agree with the interpretation of the amendment in Webb. We find that the amendment to the statute permits an ordinary proceeding to be brought, but only when an injunction is impossible for good cause stated by plaintiff. Otherwise any claim for damages that the unsuccessful bidder might have will be considered waived. See: Webb Const., Inc. v. City of Shreveport, 665 So.2d at 657.
In this case, the bids were opened on May 2, 1995, the contract was awarded on June 21, 1995 and the contract was executed on September 12, 1995. Plaintiff knew of the possible defects in Drennan's bid on May 12, 1995. Rather than instituting an action for injunction which would have prevented the execution of the contract and completion of the project by Drennan, plaintiff filed an ordinary action for damages. Had plaintiff been prevented from instituting an action for injunction relief in some manner, the ordinary suit for damages might have been justified. As it is, however, plaintiff should have sought an injunction to allow the Parish an opportunity to correct any errors or to rebid the project. Since plaintiff failed to do so, we find that the trial judge did not err in granting defendant's Motion for Summary Judgment.
Accordingly, the summary judgment is hereby affirmed.
Costs of appeal are to be paid by appellant.
AFFIRMED.
NOTES
[1] C.C.P. art. 966 has undergone recent legislative amendment. (1996 La.Sess.Law Serv. 1st Ex.Sess.Act 9 (S.B.27) (West)). The article now provides:

A.(1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, actions, or defense and on which he will bear the burden of proof at trial.
D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
E. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
F. A summary judgment may be rendered on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages.
G. Notwithstanding any other provision of this Article to the contrary, the burden of proof shall remain with the mover.
Section 2. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, this Act shall become effective on the day following such approval.
Approved May 1, 1996.
[2] Defendant filed a Motion to Dismiss Appeal, which we denied, asserting the identical arguments, that the sole remedy is by injunction and/or that the matter is moot.