707 So.2d 467 (1998)
MBA MEDICAL, INC.
v.
JEFFERSON PARISH HOSPITAL SERVICE d/b/a West Jefferson Medical Center.
No. 97-CA-997.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 1998.
*468 Bobby J. Delise, Delise, Amedee, Bertrand, Hall & Hidalgo, Metairie, for Plaintiff/Appellant.
Peter J. Butler, Peter J. Butler, Jr., Richard G. Passler, Breazeale, Sachse & Wilson, New Orleans, for Defendant/Appellee.
Before GAUDIN, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
Plaintiff, MBA Medical, Inc. (MBA), appeals a decision of the trial court which maintained defendant's exception of no cause of action and dismissed plaintiff's action. The issue on appeal is whether the petition for injunctive relief was filed timely in this action. For reasons that follow, we affirm.
MBA filed a petition for preliminary and permanent injunctive relief and damages in which it made allegations of violations of the public bid law against defendant, Jefferson Parish Hospital Service No. 1 d/b/a West Jefferson Medical Center (West Jefferson).
We accept the allegations made by MBA in its petition as true for purposes of the exception of no cause of action. La. C.C.P. art 931. MBA alleged that West Jefferson announced by invitation in Bid No. 1530, its intent to accept bids for various medical supplies, including oxygenator, custom tubing pack, centrifugal pump and bio probe, cardioplegia system, and a cardiotomy reservoir conservation kit. The bid was for a two year contract, with an optional one year renewal. The bids were opened on October 16, 1995. MBA was the lowest bidder for some of the items listed in the bid invitation. West Jefferson did not award the contract for the supplies to MBA, but continued to purchase the items on open account from a competitor whose bids were substantially higher than MBA.
The petition also alleged that in August, 1996, by Bid No. 1566, West Jefferson invited interested parties to make bids to supply the hospital with open heart tubing packs, which were the same as those in the October 19, 1995[1] bid for which MBA was the lowest bidder. The second bid restricted the bidding to a particular brand, make, and manufacturer of the tubing packs. MBA submitted two bids on Bid No. 1566, one for the specific type called for in the bid, and a second for a product of equal quality and performance, but lower price. West Jefferson awarded MBA the contract for the bid which matched the specific specifications in the bid invitation. MBA asserts claims against West Jefferson for both its failure to award a contract for Bid No. 1530, and for its failure to accept the lower bid in Bid No. 1566 for the open heart tubing packs.
West Jefferson filed an exception of no cause of action to both claims on October 22, 1996. It asserted that the claim with regard to Bid No. 1530 is untimely, having been filed one year after the opening of the bids. It further argued that the claim with regard to the second bid does not state a cause of *469 action since MBA was awarded the contract as the lowest bidder in accordance with law.
On October 24, 1996, the trial court heard the motion for preliminary injunction and the exception of no cause of action, and took the matter under advisement. Subsequently, on November 13, 1996 the trial court rendered judgment denying the motion for preliminary injunction. On November 28, 1996, MBA filed a motion to set aside judgment which was apparently granted. On March 12, 1997, the trial court issued an amended judgment[2] maintaining the exception of no cause of action, but granting the plaintiff fifteen days within which to amend its petition to state a cause of action.
Plaintiff filed a timely amended petition in accordance with the trial court's ruling in which it asserted that immediately following the opening of the bids discussions began between the parties about the bid. West Jefferson "continually requested additional information regarding the products and how they compared to other products in use by the hospital". MBA supplied the information but did not receive the contract.
As to the second claim, MBA amended the petition to explain that, had West Jefferson not made specific requirements in the second bid on the open heart tubing packs, MBA could have supplied the cheaper packs in response to the first bid invitation and increased their margin of profit.
A second exception of no cause of action was filed by defendant in response to the amended petition. After a hearing on the matter the trial court rendered judgment on June 9, 1997, which is at issue herein, maintaining the exception of no cause of action and dismissing plaintiff's suit.
The exception of no cause of action is a peremptory exception designed to have the plaintiff's action declared legally nonexistent, or barred by effect of law. La. C.C.P. art. 923. The exception tests the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the petition. Ackel v. Ackel, 97-70 (La.App. 5 Cir. 5/28/97), 696 So.2d 140; writ den. 97-2139 (La.11/21/97), 703 So.2d 1310. For the adjudication of the exception, no evidence may be introduced in support or opposition thereof. La. C.C.P. art. 931.
The procedure for letting contracts under the public bid law is set forth in La. R.S. 38:2211 et seq. Specifically, La. R.S. 38:2220 provides:
A. Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.
B. The district attorney in whose district a violation of this Part occurs, the attorney general, or any interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part.
C. Where a judgment of nullity is rendered in any action brought by a district attorney or by the attorney general pursuant to Subsection B of this Section the district court may award a civil penalty not in excess of fifty thousand dollars against each offending member of the governing authority of the public entity who authorized the violation.
The Louisiana Supreme Court has held that an unsuccessful bidder who fails to resort to the relief available in the above cited statute by attempting to enjoin timely the execution or the performance of the contract, when the facts are known or readily ascertainable by the bidder, is precluded from recovering damages against the public body. Airline Const. v. Ascension Parish, 568 So.2d 1029, 1033 (La.1990). In reaching that *470 decision, the Airline court reasoned that an unsuccessful bidder should not be allowed to sit on its knowledge of the violation and claim damages after the public body can no longer correct any errors in letting the contract, or in the instant case, purchasing the items on open account.
Although Airline was decided under a previous version of the applicable statute,[3] the rule of law has been applied to the statute as amended. See, Webb Const., Inc. v. City of Shreveport, 27,761 (La.App. 2 Cir. 12/6/95), 665 So.2d 653, In Webb, supra. 665 So.2d at 656-657 the court stated:
We do not read the 1990 amendment to R.S. 38:2220 B as excusing an unsuccessful bidder from the necessity of taking prompt action to remedy an alleged violation of public contracts law. The unsuccessful bidder must still attempt timely to enjoin the execution or performance of a contract, when the facts necessary for injunctive relief are known or are readily ascertainable by the bidder. If the bidder does not take such action, then he is precluded from recovering damages against the public body. Thus we view the rationale of Airline Const. Co., supra, as essentially unchanged by the amendment.
We also do not read the 1990 amendment as permitting a suit for damages independent of the forms of relief specified in the statute. The apparent purpose of the amendment is to recognize a cause of action to enjoin or nullify a defective public contract. A timely (and successful) suit for injunction would block the award or performance of the contract and, for the most part, eliminate the unsuccessful bidder's claim for damages. If an unsuccessful bidder cannot file a timely petition for injunction, as discussed in Airline, then the petition for relief must so specifically state, and it must request that the contract be declared null. Otherwise any claim for damages that the unsuccessful bidder might have will be considered waived.
This Court has cited Webb, supra with favor in Hard Rock Const. v. Parish of Jefferson, 96-797 (La.App. 5 Cir. 1/28/97), 688 So.2d 134. In that case we held that the amendment to R.S. 38:2220 B permits an ordinary proceeding to be brought, but only when an injunction is impossible for good cause stated by plaintiff. Otherwise any claim for damage that the unsuccessful bidder might have will be considered waived.
MBA does not seriously argue that the petition was filed in a timely manner. Rather, it argues that the ongoing dialogue between it and the administrators of West Jefferson regarding the particulars of the bid precludes the grant of the exception of no cause of action. We disagree. MBA filed suit one year after the bids were opened. By its own admission, MBA knew that it was the lowest bidder immediately. It also admits it knew that West Jefferson continued to purchase the items in question on open account from a competitor of MBA. Further, it is apparent from the record that since no Temporary Restraining Order was requested by the plaintiff, by the time this matter was heard the two year term of the original contract would have been completed in about six months.
We find the petition for injunctive relief and damages to be untimely. Further, under these circumstances we find that neither the original, nor the amended petition, state facts which show that the timely filing of the petition for injunctive relief was impossible.
In regard to plaintiff's second argument concerning the accepted bid on Bid No. 1566 in which the contract was awarded to MBA based on its second lowest bid, we find no cause of action exists. Although the bid was not the lowest, it was the lowest which was in conformance with the specifications of the bid invitation. We know of no provision in the public bid law which would allow a cause of action for damages constituting the *471 difference between the profits made on goods sold to a public body in a contract legally awarded, and the profits which would have been earned by the substitution of goods which did not meet the specifications of the bid invitation. Accordingly, we affirm the judgment of the trial court which maintained the no cause of action exception and dismissed plaintiff's action.
AFFIRMED.
NOTES
[1] There is no previous mention of a bid invitation made on October 19, 1995, so it is unclear whether this is a reference to Bid No. 1530 opened on October 16, 1995, or a third bid invitation, not referred to in the petition.
[2] Although the judgment is entitled "Amended Judgment", it is clear that the trial court intended to set aside the old judgment and render a new judgment after its apparent grant of plaintiff's motion to set aside the first judgment. Consequently, we do not find this incorrectly titled judgment to be an amended judgment, since to do so would render the judgment invalid as an impermissible substantive change in a final judgment which is prohibited by La. C.C.P. art. 1951.
[3] At the time Airline Const. v. Ascension Parish, supra was decided, La. R.S. 38:2220 B read as follows:

The district attorney in whose district a violation of this Part occurs, the attorney general or any interested party possesses a right of action to bring suit for appropriate injunctive relief in the district court to nullify a contract entered into in violation of this Part.
The statute was amended in 1990 by Act No. 869 to the reflect the current reading.