IzCARTER, C.J.
The Department of Transportation and Development (hereinafter “DOTD”) appeals the issuing of a writ of mandamus, directing it to give a bidder written reasons for his disqualification, to inform the bidder of his right to seek administrative and judicial review, and to allow the bidder the opportunity to refute the reasons for disqualification at an informal hearing.
FACTS
Melvin M. McElwee, Sr., d/b/a Oxy-Aqua Filter System of Louisiana (hereinafter “Oxy”) was awarded a contract to repair/replace the roadway lighting at the 1-10/LA 3111 (Ramah) Interchange in Iberville Parish. The letter Oxy received awarding the contract indicated that a “Notice to Proceed” would be issued within two weeks following the execution of the contract. On February 21, 1995, Oxy was informed it would need an electrical license issued from the State Board of Contractors to complete the project. Apparently, several more months passed and Oxy still did not obtain its electrical license, nor did it supply the name of a licensed electrical subcontractor, who could perform the electrical work needed to complete the project.
Oxy alleges it was verbally informed by DOTD on October 5, 1995, that it would not be awarded the contract for the project. In response to this, Oxy presented DOTD with a claim for breach of contract on October 20, 1995. In a letter dated October 30, 1995, Jude Patín, the Secretary for DOTD, responded to Ox/s claim and stated that Oxy had been informed by letters on July 17, 1995, and September 27, 1995, that Oxy would not be awarded the contract for the project.
According to Patin’s letter, he explained that DOTD had attempted to give Oxy time to either obtain its own electrical license or request approval of a licensed electrical subcontractor. Oxy never obtained its own license, and when Oxy requested approval of a subcontractor, the subcontractor disavowed any agreement with Oxy. Patín explained that DOTD’s attempts to allow Oxy time to comply with the licensing requirement for the electrical work resulted in a delay of the project from the letting date of October 1994, to after July 17, 1995, when DOTD awarded the contract to the next lowest bidder.
*697 |3On September 22, 1997, Oxy filed suit against DOTD seeking a writ of mandamus directing DOTD to complete the requirements of the Louisiana Procurement Code (LSA-R.S.39:1673 C) and the Public Bid Laws (LSA-R.S.38:2212 J(l) and (2)). The trial court granted Oxy’s writ of mandamus. On appeal, DOTD asserts that the trial court erred in its denial of DOTD’s exceptions and that the trial court erred when it ordered DOTD to comply with the requirements of LSA-R.S.39:1673.[1]
DISCUSSION
DOTD asserts on appeal that the trial court erred in the denial of its peremptory exception raising the objection of no cause of action because DOTD was exempt from providing an administrative hearing to Oxy. The exception of no cause of action questions “whether the law extends a remedy to anyone under the factual allegations of the petition.” Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 5 n. 3 (La.11/30/94); 646 So.2d 885, 888 n. 3; Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010, p. 5 (La.App. 1st Cir.3/27/97); 691 So.2d 751, 754, writ denied, 97-1066 (La.6/13/97); 695 So.2d 982. The purpose of an exception pleading the objection of no cause of action is to determine the sufficiency in law of the petition. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-0690, p. 2 (La.7/5/94); 640 So.2d 237, 241; Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754.
Generally, no evidence may be introduced to support or controvert the exception. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754. However, as set forth in City National Bank of Baton Rouge v. Brown, 599 So.2d 787, 789 (La.App. 1st Cir.), writ denied, 604 So.2d 999 (La.1992), the jurisprudence recognizes an exception to this rule, which allows the court to consider evidence which is admitted without objection to enlarge the pleadings. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754. Otherwise, the exception is triable on the |4face of the pleadings, and, for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Commissioners of Orleans Levee District, 640 So.2d at 241; Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754. The court must determine if the law affords plaintiff a remedy under those facts. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 754.
When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Any doubts are resolved in favor of the sufficiency of the petition. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 691 So.2d at 755.
DOTD asserts that LSA-R.S. 39:1554 B specifically exempts it from the requirements of the Louisiana Procurement Code (LSA-R.S. 39:1671, et seq.). LSA-R.S. 39:1554 B provides in pertinent part:
Notwithstanding any other provision of this Chapter, the provisions of R.S. 38:2181 through R.S. 38:2316 shall govern the procurement of construction ... and R.S. 38:2181 through R.S. 38:2316 shall not apply to any procurement of supplies, services, or major repairs by the state except that the provisions of R.S. 38:2301 shall be applicable to major repairs.
DOTD further argues LSA-R.S. 39:1572 A sets forth DOTD’s exemption from the central purchasing requirements and regulation of the Louisiana Procurement Code. The applicable portions of LSA-R.S. 39:1572 A provide:
Exemption from central purchasing and regulations of commissioner. Procure *698 ment of the following items or by the following governmental bodies shall not be required through the central purchasing agency, but shall nevertheless be subject to the requirements of this Chapter and such regulations as may be promulgated by the head of such governmental body: (1) the Department of Transportation and Development, for procurement of materials and supplies that will become a component part of any road, highway, bridge, or appurtenance thereto....
We agree with the trial court’s findings that neither of these statutes exempt DOTD from giving Oxy a hearing under the circumstances of this case. The trial court found that LSA-R.S. 39:1572 A only exempted DOTD from utilizing the central purchasing agency for procurement of certain supplies.
^Furthermore, if we follow LSA-R.S. 39:1554 B, we find that among the applicable statutes is LSA-R.S. 38:2212 J, which provides:
If the public entity letting the contract proposes to disqualify any bidder on grounds that such bidder is not a “responsible bidder” such public entity shall:
(1) Give written notice of the proposed disqualification to such bidder and include in the written notice all reasons for the proposed disqualification; and
(2) Give such bidder, who is proposed to be disqualified the opportunity to be heard at an informal hearing at which such bidder is afforded the opportunity to refute the reasons for disqualification.
DOTD asserts that even if Oxy was entitled to the relief it seeks, the issue is now moot because the project has been completed. DOTD asserts that the only relief Oxy could request was an injunction of the execution of the contract or an annulment of the contract.
In its appeal brief, DOTD cites cases in support of its argument that plaintiff has failed to state a cause of action.[2] However, not only has DOTD misinterpreted the holdings of these cases, in our opinion, these cases are not dispositive of the issue before the court.
In the' case sub judice, Oxy is not an unsuccessful bidder, but a disqualified bidder. Further, Oxy is not suing for damages, but only to compel DOTD to follow the statutory requirements of informing Oxy of its decision to award the contract to another entity. In Alexander and Alexander, Inc. v. State, 470 So.2d 976, 982 (La.App. 1st Cir.1985), reversed on other grounds, 486 So.2d 95 (La.1986), we distinguished what type of hearings unsuccessful bidders and disqualified bidders were entitled to under the statutes. Although the project is complete, Oxy may not be without a remedy since we note that LSA-R.S. 39:1678.1 does provide for some damages; therefore, Oxy’s request for mandamus is not moot. However, because Oxy has not requested such damages, we do not address the propriety of the awarding such relief under LSA-R.S. 39:1678.1.
1 fiCONCLUSION
For the foregoing reasons, we affirm the trial judge’s ruling that DOTD shall complete the requirements of the Louisiana Procurement Code [LSA-R.S. 39:1673(0) ] and the Public Bid Laws [LSA-R.S. 38:2212(J)(1) and (2) ]. Costs of this appeal in the amount of $592.75 are assessed against the Department of Transportation and Development.
AFFIRMED.
SHORTESS, J., concurs with reasons.

. Oxy also filed an answer to the appeal seeking to have the amount of damages awarded by the trial court increased. However, Oxy's answer was not filed until March 16, 1998. The record was lodged on January 21, 1998, and the return date was January 29, 1998. Because Oxy’s answer was filed more than 15 days after the return date, we will not consider the issues raised therein. LSA-C.C.P. art. 2133; Landry v. Nobility Homes, Inc., 488 So.2d 726 (La.App. 3rd Cir.), writ denied, 491 So.2d 21 (La.1986).

. Webb Construction, Inc. v. City of Shreveport, 27,761 (La.App. 2nd Cir.1995); 665 So.2d 653; Hard Rock Construction, Inc. v. Parish of Jefferson, 96-797 (La.App. 5th Cir.1/28/97); 688 So.2d 134.