760 So.2d 1279 (2000)
Rose BACAS
v.
Leroy J. FALGOUST d/b/a Falgoust Investigations.
No. 99-CA-1312.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 2000.
*1280 Joseph G. Albe, Metairie, Louisiana, Attorney for Appellant Rose Bacas.
Collins C. Rossi, Tolar & Rossi, Metairie, Louisiana, Attorney for Appellees Leroy J. Falgoust d/b/a Falgoust Investigations and Metropolitan Property & Casualty Insurance Company.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CANNELLA, Judge.
Plaintiff, Rose Bacas, appeals from the summary judgment granted in favor of defendant, Leroy Falgoust d/b/a Falgoust Investigations (Falgoust). For the reasons which follow, we vacate the summary judgment and remand.
Falgoust, a private investigator, was hired by plaintiffs former attorney to investigate a personal injury case which the attorney was preparing on plaintiffs behalf. The attorney was in the process of preparing a case against plaintiffs former employer, EZ Serve, and/or her attacker. In the course and scope of her employment, she was at gunpoint robbed, raped and forced to perform oral sex. In addition to physical injuries, plaintiff suffered serious mental and emotional injuries. Falgoust met plaintiff during the course of his work for the attorney in preparing a report of the crime and plaintiffs injuries. Falgoust produced his report on October 15, 1996, but he continued to contact plaintiff at her home until about March 15, 1997. At various times during these contacts, after being told to stop, plaintiff alleges that Falgoust made lewd and obscene remarks to her in an attempt to coerce her into performing oral sex. Falgoust was armed during these visits and once placed his gun on her kitchen counter. Plaintiff alleges that once he told her that he was on a board for victim's assistance and that he could help her get some money if she would perform oral sex. Plaintiff alleges that Falgoust was in a position to know of her delicate mental condition due to the aggravated rape and his actions caused her further mental deterioration for which he should be held liable. Plaintiff filed suit against Falgoust.
Falgoust filed for a summary judgment, arguing that while his comments might have been rude and crude, they are not actionable. He contends that he breached no duty that he owed to plaintiff. Further, he contends that even if he did breach a duty, plaintiff has not suffered any damages because of it.
The trial court granted the summary judgment in favor of defendant. It is from this judgment that plaintiff appeals, arguing that there are material issues of fact that preclude a summary judgment.
Falgoust argues that any liability he might have to plaintiff must come within a duty risk analysis. He contends that he owed plaintiff no duty, beyond his duty to thoroughly investigate and report on the *1281 case and that he breached none to her. He argues that, in the alternative, if he did breach a duty to plaintiff, she was not seriously injured by the breach. Thus, Falgoust argues that there were no genuine issues of material fact and that he was entitled to summary judgment as a matter of law. We disagree.
The trial court is required to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Further, it is well settled that the appellate review of summary judgment is de novo, applying the same standard as the trial court. Accordingly, we undertake a de novo review.
Plaintiff contends that Falgoust has worsened her emotional condition by his repeated unwelcome sexual requests. Further, he made these harassing sexual remarks in a situation of superiority over the plaintiff and with full knowledge of her delicate, if not deteriorated, emotional state. Falgoust was hired by plaintiff's attorney to assist in working up her workers' compensation/tort claim against her employer and/or a civil case against her attacker. He was also called upon to protect her when she thought that someone was following her. He had gained, through that employment position, confidential information about plaintiff's unstable emotional state after her rape. Plaintiff contends that Falgoust's comments and actions set her back in her emotional recovery. Falgoust produced no evidence to refute plaintiff's claims.
Introduced into evidence at the hearing for summary judgment were plaintiff's deposition, Falgoust's deposition, letters from plaintiffs treating physician and the report written by Falgoust evidencing his full awareness of plaintiffs deteriorated mental state. It is mover's burden to prove his entitlement to summary judgment. Based on the foregoing, we find that mover failed in his burden of proving that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law. Unanswered by this record, there remains the question of whether Falgoust owed plaintiff a duty under the theory of negligent infliction of emotional distress and whether he breached that duty, as well as genuine issues of fact regarding the degree, if any, to which plaintiffs emotional state was worsened by Falgoust's actions. Therefore, we find that summary judgment was erroneously granted.
Accordingly, for the reasons stated above, we vacate the summary judgment granted in favor of Falgoust and remand the case to the district court for further proceedings consistent with the views expressed herein. Cost of appeal to be borne by Falgoust.
SUMMARY JUDGMENT VACATED; CASE REMANDED.
McMANUS, J., CONCURS WITH REASONS.
McMANUS, J., CONCURRING WITH REASONS.
Recovery for the negligent infliction of emotional distress is based on LSA-C.C. art. 2315, which provides, in pertinent part, that "[e]very act whatever of man that causes damages to another obliges him by whose fault it happened to repair it." To determine whether a plaintiff may recover damages under this article, courts employ a duty-risk analysis, which requires affirmative answers to the following questions:
1) Was the conduct in question a cause-in-fact of the resulting harm?
2) Did the defendant owe a duty to the plaintiff?
3) Was the duty breached?
4) Were the risk and the harm caused within the scope of protection afforded by the duty breached? *1282 Roberts v. Benoit, 605 So.2d 1032, 1036 (La.1991); Bordelon v. St. Frances Cabrini Hospital, 93-1331 (La.App. 3 Cir. 5/4/94); 640 So.2d 476, 478. Louisiana law does not recognize an independent tort of negligent infliction of emotional distress. Moresi v. Dept. of Wildlife & Fisheries, 567 So.2d 1081, 1095-96 (La.1990).
Recovery for negligent infliction of emotional distress has been limited to those cases involving the "especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." Moresi v. Department of Wildlife and Fisheries, 567 So.2d 1081, 1096 (La.1990). Thus, in order to prove entitlement to damages for negligent infliction of emotional distress, Ms. Bacas must prove that an independent, direct duty was owed to her by Mr. Falgoust, that the duty afforded protection to her for the risk and harm caused, that the duty was breached, and that the mental anguish suffered by her was genuine and serious. Norred v. Radisson Hotel Corp., 95-0748 (La.App. 1 Cir.12/15/95); 665 So.2d 753, 759. Hence, plaintiff must, at the pleading stage, allege the basic elements of a LSA-C.C. art. 2315 action when asserting a claim for negligent infliction of emotional distress.
Ms. Bacas alleged the basic elements of LSA-C.C. art. 2315:(1) Mr. Falgoust owed a duty to her because he knew of her strained emotional condition after the rape and he was working with her attorney on her personal injury suit; (2) he breached the duty he owed her by his crude remarks and attempts to coerce her into performing oral sex on him; (3) she suffered additional emotional damage; (4) the emotional damage that was caused was within the scope of protection afforded by the duty Mr. Falgoust breached. Summary judgment was inappropriate because Mr. Falgoust failed to meet his burden of proving that no genuine issues of material fact exist. Therefore, Ms. Bacas did not have to rebut his contentions.
For the foregoing reasons, I agree that the judgment granting Mr. Falgoust's Motion for Summary Judgment should be reversed and remanded.