793 So.2d 463 (2001)
Turner Jackson LANN, Plaintiff-Respondent,
v.
Greg DAVIS, et al., Defendants-Applicants.
No. 34,892-CW.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2001.
*464 Boggs & Thompson, by A. Michael Boggs, Bossier City, Counsel for Plaintiff-Respondent.
Cook, Yancey, King & Galloway, by Herschel E. Richard, Jr., Lisa Conly Cronin, John T. Kalmbach, Shreveport, Counsel for Defendants-Applicants.
Rountree, Cox, Guin & Achee, by Mary L. Blackley, Counsel for Defendant-Respondent.
Before NORRIS, PEATROSS and DREW, JJ.
NORRIS, Chief Judge.
Three defendants, Greg Davis, Fellowship United Methodist Church and Midwest Mutual Insurance Company, seek supervisory relief from a judgment that only partly sustained their exception of no cause of action. We now grant their writ and sustain the exception, but remand the case with leave to amend in accordance with this opinion.
The plaintiff, Turner Jackson Lann, alleged that he received counseling from Davis, the pastor at Fellowship United Methodist Church ("Fellowship"), "regarding resolution of conflict between himself and his sisters resulting from physical and sexual abuse conducted by their father." He also alleged that counseling sessions "involved extremely sensitive information about which [sic] Lann had not discussed with anyone for more than 25 years, with the exception of his spouse." However, Lann later discovered that Davis "had revealed the content of his counseling sessions to other individuals." He alleged specifically that Davis denied him a post on a church committee, saying that Lann "is messed up because he has been sexually abused by his father." Lann alleged that this disclosure necessitated mental counseling and medical treatment, and cost him lost earnings. Lann enumerated his causes of action as "(A) Counselor and/or therapist malpractice; (B) Negligent and/or intentional infliction of emotional/mental distress; (C) Violation of clergy privilege; (D) Breach of fiduciary duty of trust." Lann named as defendants Davis, Fellowship and their insurer, Midwest Mutual.[1]
Davis, Fellowship and Midwest filed an exception of no cause of action, urging that Louisiana does not recognize a cause of action for clergy malpractice. Roppolo v. Moore, 93-2361 (La.App. 4 Cir. 7/27/94), 644 So.2d 206, writ denied 04-3032 (La.2/17/95), 650 So.2d 253. They argued that despite Lann's attempt to re-characterize his cause of action, it was essentially a claim for clergy malpractice. They also argued that although La. C.E. art. 511 creates a "clergy privilege," this evidentiary rule does not impose a duty on clergy to keep parishioners' problems in confidence. Finally, they argued that the burden of proof for intentional infliction of emotional distress is so elevated, White v. Monsanto *465 Co., 585 So.2d 1205 (La.1991), that Lann's petition could not possibly be construed to state a cause of action.
After a hearing, the District Court ruled from the bench that there is no such thing as clergy malpractice under Louisiana law, but there is "ordinary negligence." The court stated that Lann could proceed on his claim of "negligent infliction of emotional and mental distress by revealing confidential information given to him in counseling sessions." The judgment itself sustained the exception as to clergy malpractice and violation of clergy privilege, but denied it as to "counselor and/or therapist malpractice and negligent and/or intentional infliction of emotional/mental distress."
The exception of no cause of action is a peremptory exception intended to test the legal sufficiency of the petition. La. C.C.P. art. 927; Roberts v. Sewerage Bd. of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341. It is tried only on the face of the pleadings. La. C.C.P. art. 931. It must generally be overruled unless the allegations in petition exclude every reasonable hypothesis other than the premise on which the defense is based, i.e., unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Id.; Haskins v. Clary, 346 So.2d 193 (La.1977). Every reasonable interpretation must be accorded the allegations in favor of maintaining the sufficiency of the petition. Steed v. St. Paul's United Methodist Church, 31,521 (La.App. 2 Cir. 2/24/99), 728 So.2d 931, writ denied 99-0877 (La.5/7/99), 740 So.2d 1290.
On the question of clergy malpractice, the law is well settled. In Roppolo v. Moore, supra, the Fourth Circuit stated, "To date, no court has acknowledged the existence of a separate cause of action for the malpractice of a clergy member while acting within a clerical capacity." Id., at 2, 644 So.2d at 208 (emphasis in original). The court explained, at some length, that judicial review of pastoral counseling "would require the Court and the jury to consider the fundamental perspective and approach to counseling inherent in the beliefs and practices" of the religious denomination, in violation of the First Amendment's separation of church and state. See also, Nally v. Grace Community Church, 47 Cal.3d 278, 253 Cal.Rptr. 97, 763 P.2d 948 (1988). Lann has not appealed the dismissal of his claims that were based on a theory of clergy malpractice.
Rather, the defendants urge that the remaining claims, though designated as counselor malpractice and intentional or negligent infliction of emotional distress, are in reality only components of, and must fall with, the clergy malpractice claim. In support they cite Roppolo v. Moore, supra, and Schmidt v. Bishop, 779 F.Supp. 321 (S.D.N.Y.1991). In Roppolo, the plaintiff's wife sought counseling from the defendant, an Episcopalian priest and a medical doctor. Ultimately the wife committed suicide, and the plaintiff sued the priest and his diocese, complaining of the priest's "sexual conduct, spiritual counseling, spiritual services, spiritual injury, and violations of scriptural and church standards." The diocese filed an exception of no cause of action and a motion for summary judgment, which the trial court denied. On supervisory review, the Fourth Circuit stated that "all of these allegations boil down to a claim for clergy malpractice." Id., at 1, 644 So.2d at 207. Because no such cause of action exists, the court sustained the exception and dismissed the suit.
In Schmidt v. Bishop, a diversity case interpreting New York law, the federal district court sustained a Rule 12(b)(6) motion, holding that the plaintiffs claim was one of clergy malpractice despite her *466 "rather fanciful characterization of the claim as `counseling malpractice.'" Id., 779 F.Supp. at 327. The court further found that the plaintiff's claims styled as breach of fiduciary duty and fraud must also fall for the same reason. Id., at 325-326.
The rationale of Schmidt is persuasive. A pastor who provides counseling services usually does so under the aegis of his church, and is not subjected to the same standards as a state-licensed psychiatrist or social worker. Schmidt, 779 F.Supp. at 327. Distinctively faith-based religious principles may guide pastoral counseling; courts therefore abstain from ruling on such counseling, lest they create an "excessive entanglement" which is prohibited by the First Amendment. See, Lemon v. Kurtzman, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). In short, courts have no right to interpret religious doctrines. Roppolo, at p. 3, 644 So.2d at 208.
Lann's final claim was "negligent and/or intentional infliction of emotional distress." To recover for intentional infliction of emotional distress, he must establish (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress he suffered was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. White v. Monsanto Co., 585 So.2d at 1209. Lann's petition clearly does not make allegations sufficient meet these standards. King v. Phelps Dunbar L.L.P., 98-1805 (La.6/4/99), 743 So.2d 181.
Moreover, Louisiana law does not generally recognize an independent cause of action for negligent infliction of emotional distress. Moresi v. Department of Wildlife, 567 So.2d 1081 (La.1990). The cause is available under limited circumstances only. See, e.g., Bacas v. Falgoust, 99-1312 (La.App. 5 Cir. 5/30/00), 760 So.2d 1279. Lann correctly argues that La. C.E. art. 511 B confers a "clergyman privilege" whereby a person may "prevent another person from disclosing a confidential communication by the person to a clergyman in his professional character as a spiritual adviser." This privilege, however, is limited to the admission of evidence in judicial proceedings. La. C.E. art. 1101. It does not create "causes of action or other substantive rights." La. C.E. art. 501. Lann's petition clearly does not allege an independent, direct duty on the defendants' part.
Lann's allegations in petition can all be distilled to a claim of clergy malpractice, for which there is no cause of action. The District Court erred in failing to sustain the exception of no cause of action in its entirety. The writ will be granted accordingly.
When the grounds of the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. C.C.P. art. 934; Webb Const. Inc. v. City of Shreveport, 27,761 (La.App. 2 Cir. 12/6/95), 665 So.2d 653. Although the cause of action of clergy malpractice or negligent pastoral counseling is untenable, we note that in Roppolo v. Moore, supra, the defendant priest was also a medical doctor. The court explicitly stated that it had not considered "plaintiff's claims against Dr. Moore in his capacity of a layman or a doctor." Id., fn. 4. Similarly, the United States Fifth Circuit has held that the First Amendment does not prohibit a claim against a pastoral counselor who held himself out as a duly qualified person engaged in providing psychological *467 counseling. Sanders v. Casa View Baptist Church, 134 F.3d 331, 336 (5 Cir.1998).
Because Lann may be able to allege facts stating a cause of action in accord with these principles, the case will be remanded with leave to amend the petition within 15 days after the rendition of this opinion. Costs of appeal are assessed one-half to the plaintiff and one-half to the defendants.
WRIT GRANTED AND EXCEPTION OF NO CAUSE OF ACTION SUSTAINED; CASE REMANDED WITH LEAVE TO AMEND.
NOTES
[1] A fourth defendant, the Louisiana Annual Conference of the United Methodist Church, was dismissed on a separate exception of no cause of action; Lann has not appealed this.