670 So.2d 1305 (1996)
J.W. ROMBACH, INC.
v.
The PARISH OF JEFFERSON, et al.
No. 95-CA-829.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 1996.
*1306 Scott W. McQuaig, Pamela G. Seeber, McQuaig & Solomon, Metairie, for Plaintiff/Appellant, J.W. Rombach, Inc.
Clare W. Trinchard, David P. Curlin, Trinchard & Trinchard, New Orleans, for Defendant/Appellees, The Parish of Jefferson, The Jefferson Parish Council, and its individual council members.
Before BOWES, DUFRESNE and WICKER, JJ.
BOWES, Judge.
The plaintiff, J.W. Rombach, Inc., through its owner, J.W. Rombach, appeals from a judgment of the trial court which granted a motion for summary judgment in favor of the Parish of Jefferson and the Jefferson Parish Council, dismissing plaintiff's suit against them. We affirm the decision of the trial court.

PROCEDURAL HISTORY
In 1983, the Jefferson Parish Council issued an advertisement inviting qualified bidders to submit bids for a construction and renovation project involving West Jefferson General Hospital. The bids were accepted and opened on December 13, 1983. The plaintiff, J.W. Rombach, Inc., through its owner, J.W. Rombach (hereinafter "Rombach"), had submitted the lowest bid.
On January 6, 1984, William E. Arnold, Chairman of the Board of West Jefferson General Hospital, forwarded to Rombach a letter received from Richard D. Guthrie, Sr. (hereinafter "Guthrie"), the architect of the West Jefferson project, proposing to disqualify Rombach. Guthrie made this recommendation after he had issued questionnaires to the references supplied by Rombach, relative to the work performance on previous construction projects performed by Rombach, which included Woodmere Fire Station and State Farm Insurance Building. Of the questionnaires returned, Guthrie felt that many reflected negatively on Rombach's workmanship, supervision and promptness in paying suppliers and subcontractors.
On January 12, 1984, Rombach responded to the allegations of the proposed disqualification, and requested an informal conference before the Bid Specification Review Committee.
Shortly thereafter, on January 18, 1984, the Jefferson Parish Council adopted a resolution accepting the bid of Clover Contractors, Inc. (hereinafter "Clover"), the second lowest bidder. This resolution stated that the award to Clover was contingent on the results of the informal conference before the bid specification review committee.
On February 9, 1984, Rombach appeared before the Bid Specification Review Committee; on February 14, 1984 the Review Committee concluded that it "lacked the authority to proceed with the determination as to the proposed disqualification of Rombach." The matter then was referred for a formal hearing before the Jefferson Parish Council.
*1307 On February 15, 1984, the Jefferson Parish Council adopted a resolution granting to Rombach a public hearing. This hearing was held on February 29, 1984. At this hearing, Rombach testified regarding the projects in the returned questionnaires. In addition, he was questioned by council members regarding one of the projects, Woodmere Fire Station, which he had previously performed for the parish. Several of the council members noted problems with this construction which they had dealt with personally on past occasions. At the conclusion of the hearing, the Jefferson Parish council voted to confirm the disqualification of Rombach.
On March 5, 1984, Rombach filed this lawsuit.[1] Named as defendants were the Parish of Jefferson, the Jefferson Parish Council, the Board of Directors of West Jefferson General Hospital; Clover Contractors, Inc., Richard Guthrie, Inc., a professional architectural corporation and Richard D. Guthrie, Sr. His petition alleges that J.W. Rombach, Inc. was the lowest responsive, responsible bidder, that Rombach was disqualified due to the intentional actions of Richard Guthrie, that the Jefferson Parish Council and West Jefferson General Hospital were arbitrary, capricious and unfair in their disqualification of Rombach, and that said disqualification was a result of collusion/conspiracy between the parish, the council, West Jefferson General Hospital, Richard Guthrie and Clover.
On January 12, 1994, the Parish of Jefferson and the Jefferson Parish Council filed a motion for summary judgment. A hearing was held on February 7, 1994 and on March 1, 1994, the trial court entered judgment in favor of the Parish of Jefferson and the Jefferson Parish Council and against Rombach, dismissing Rombach's suit. Rombach filed a motion for new trial on March 10, 1994, which was denied on September 9, 1994. Rombach then filed the instant appeal.
In this appeal, Rombach alleges that there are genuine issues of material fact still present in this case and, therefore, the trial court erred in granting the motion for summary judgment. The issues of fact claimed by Rombach are with regard to:
(1) whether the Council followed the appropriate procedures in disqualifying Rombach;
(2) whether the evidence presented to the Council was sufficient to disqualify Rombach; and
(3) whether there was collusion between the Council, the architect and the contractor who got the bid.

ANALYSIS
It is well established that a motion for summary judgment is properly granted only if there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The mover has the burden of establishing that no material fact issues exist, so inferences drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Baker v. Maclay Properties Co., 94-1529 (La. 1/17/95), 648 So.2d 888; Potter v. First Federal S & L, 615 So.2d 318, 325 (La.1993). An adverse party may not rest on the pleadings but must set forth, by affidavit or otherwise, specific facts showing that there is a genuine issue for trial. La.C.C.P. art. 967.
Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted.

Baker v. Maclay Properties Co. supra; Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183.
An appellate court will review a summary judgment de novo under the same criteria used by the district court which determined summary judgment was appropriate. Baker v. Maclay Properties Co., supra; Reynolds v. Select Properties, Ltd., supra.
A "genuine issue of material fact" has been defined by the Louisiana Supreme Court in Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, as follows:
Summary judgments are reviewed on appeal de novo. Schroeder v. Board of *1308 Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. McCrae v. Hankins, 720 F.2d 863, 865 (5th Cir.1983); see Wright, Miller & Kane, Federal Practice and Procedure, Sec. 2716 (Supp.1991). `Stated conversely, [summary judgment] should be denied if there is (1) a genuine issue of fact and (2) it is material to the case.' Brown v. B & G Crane Service, Inc., 172 So.2d 708, 710 (La.App. 4th Cir.1965).
A `genuine issue' is a `triable issue.' Toups v. Hawkins, 518 So.2d 1077, 1079 (La.App. 5th Cir.1987) (citing Brown, supra). More precisely, `[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes.' W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481 (1983). In determining whether an issue is `genuine,' courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788, 791 (La.App. 3d Cir.), writs denied, 525 So.2d 1048, 1049 (La.1988); Pace v. Zilka, 484 So.2d 771 (La.App. 1st Cir.), writ denied, 488 So.2d 691 (La.1986); Mecom v. Mobil Oil Corp., 299 So.2d 380, 386 (La.App. 3d Cir.), writ denied, 302 So.2d 308 (La.1974). `Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact.' Brown, 172 So.2d at 710; Sally Beauty Co. v. Barney, 442 So.2d 820, 822 (La.App. 4th Cir.1983).
A fact is `material' when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Penalber v. Blount, 550 So.2d 577, 583 (La.1989). `[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute.' South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3d Cir.1991), writs denied, 596 So.2d 211 (La.1992). Simply put, a `material' fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Sassone v. Elder, 626 So.2d 345, 352 (La.1993); Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co., 427 So.2d 1152, 1153-54 (La.1983) (collecting cases); McCoy v. Physicians & Surgeons Hospital, Inc., 452 So.2d 308, 310 (La.App. 2d Cir.), writ denied, 457 So.2d 1194 (La.1984) (noting that `[s]ummary judgment may not be used as a substitute for trial').

A. PROCEDURE

Pursuant to the public bid law the contract must be awarded to the "lowest responsible bidder who has bid according to the contract, plans, and specifications as advertised." R.S. 38:2212(A)(1)(a), cited infra. The lowest responsive bidder may be disqualified when the public entity awarding the contract has just cause to determine the bidder is not responsible. Triad Resources and Systems Holdings, Inc. v. Parish of Lafourche, 577 So.2d 86 (La.App. 1 Cir.1990), writ denied, 578 So.2d 914 (La.1991); Pittman Construction Company, Inc. v. Parish of East Baton Rouge, 493 So.2d 178 (La.App. 1 Cir.1986), writ denied, 493 So.2d 1206 (La. 1986).
In Haughton Elevator Division v. State, Etc., 367 So.2d 1161 (La.1979), the Louisiana Supreme Court recognized that the lowest responsive bidder has a protected interest, that of receiving the advertised contract, which cannot be derived without procedural due process. Likewise, the public has an interest in having the contract awarded expeditiously to the bidder who can most economically perform the work in a responsible manner. The court then set forth four procedural safeguards to be followed before a low bidder is disqualified as not responsible:

*1309 (1) An awarding authority which intends to disqualify a bidder must, prior to the award of the contract, give the bidder formal notice in writing that the authority is considering disqualifying the bidder from competing for the contract. This notice should specify the reasons for the proposed disqualification. The notification should contain specific language which puts the bidder on notice that the authority is considering disqualification, not mere questions about the bidder's past performance on state contracts or its ability to perform in the future.
(2) The bidder must be given the opportunity to respond to the charges in writing and, in all cases in which feasible, the bidder should have the opportunity to meet with officials of the awarding authority to discuss the charges against the bidder and his response thereto. This informal `hearing' does not necessarily include the right to call witnesses or cross-examine the persons who initiated the charges of irresponsibility.
(3) After this informal hearing, but before the award of the contract, the awarding authority must give the bidder formal written notice he has been disqualified from competing for the contract. This notice should list the specific reasons upon which the disqualification is based, although it may do so by reference to or incorporation of charges contained in the original notice.
(4) The `records' of this disqualification proceeding must be preserved so as to form the basis for any subsequent judicial review which might be sought by the bidder. (This post-rejection judicial review, with the retroactive relief affordable, sufficiently protects the low bidder's private interest against arbitrary rejection of its bid in the letting of the contract to a higher bidder).

Haughton, supra, at page 1166.
The procedural safeguards which were enumerated in Haughton were added to the Public Bid law by the legislature when it added subsection J to R.S. 38:2212, which provides:
If the public entity letting the contract proposes to disqualify any bidder, on grounds that such bidder is not a `responsible bidder' such public entity shall:
(1) Give written notice of the proposed disqualification to such bidder and include in the written notice all reasons for the proposed disqualification; and
(2) Give such bidder, who is proposed to be disqualified the opportunity to be heard at an informal hearing at which such bidder is afforded the opportunity to refute the reasons for the disqualification.
On appeal, Rombach alleges that he was not afforded this procedural due process as mandated by the Haughton case. He argues that procedural safeguard number three listed above was violated because the contract was awarded to Clover by Jefferson Parish Council resolution No. 49827, passed on January 18, 1984, which was prior to his informal hearing on the disqualification.
Rombach also argues that procedural safeguard number four listed above was violated because the "records" of the informal hearing on this disqualification were not preserved for the subsequent judicial review. He claims that because of technical difficulties with the transcription, portions of the testimony were not transcribed.
The record before us reflects that, although a resolution was passed by the Council which awarded the project to Clover prior to the hearing, said award did not become effective until after a formal hearing in front of the Jefferson Parish Council on February 29, 1984, and after Rombach's disqualification was affirmed at that hearing.[2]
*1310 The record further reflects that the actual contract was awarded to Clover on March 1, 1984, after the formal hearing held by the Jefferson Parish Council at which Rombach's disqualification was affirmed. Accordingly, Rombach was afforded a hearing prior to the award of the contract to Clover.
The record also reflects that Rombach was granted an informal hearing before the Bid Specification Review Committee on February 9, 1984. (Rombach alleges that the testimony at this hearing was not properly preserved). However, this committee did not rule on the disqualification, but instead they transferred the matter to the Jefferson Parish Council. The council, by Resolution No. 50164, granted Rombach a public hearing. This second hearing was held on February 29, 1984, which hearing was fully transcribed. Rombach was afforded ample opportunity at that hearing to testify and to present evidence on his behalf and to refute the allegations of disqualification. At the conclusion of that hearing, the council passed Resolution No. 50285, which disqualified J.W. Rombach, Inc. from the West Jefferson project. Thus, Rombach was afforded two separate hearings and the transcript of the second hearing was preserved in totality for judicial review.
Therefore, we find that Rombach was, indeed, afforded the procedural safeguards as set forth in Haughton, supra and in R.S. 38:2212(J).

B. DISQUALIFICATION

Rombach argues that there are material issues of fact as to whether he was properly disqualified for failure to meet specifications of responsibility.
Public contracts such as the one at issue here are governed by R.S. title 38, Public Contracts, Works and Improvements. R.S. 38:2212(A)(1)(a) provides:
All public work exceeding the contract limit as defined herein, including labor and materials, and all purchases of any materials or supplies exceeding the sum of ten thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this Part. However, purchases of five thousand dollars or more, but less than ten thousand dollars shall be made by obtaining not less than three telephone or facsimile quotations. A written confirmation of the accepted offer shall be obtained and made a part of the purchase file. If quotations lower than the accepted quotation are received, the reasons for their rejection shall be recorded in the purchase file.
R.S. 38:2212, supra, requiring advertising and the obtaining of competitive bids, is a prohibitory law founded on public policy. It was enacted in the interest of the tax paying citizens of this state, and its purpose is to protect these citizens against contracts of public officials awarded through favoritism and possibly involving exorbitant and extortionate prices. Haughton Elevator Division v. State, supra; Starlight Homes, Inc. v. Jefferson Parish Council, 93-746 (La.App. 5 Cir. 2/9/94), 632 So.2d 3, writ denied, 94-0610 (La. 4/29/94), 637 So.2d 462; Budd Const. Co., Inc. v. City of Alexandria, 401 So.2d 1070 (La.App. 3 Cir.1981), writ denied, 404 So.2d 1262 (La.1981).
Pursuant to R.S. 38:2212, a public agency awarding a public works contract is vested with the power and discretion to determine the responsibility of the bidder and to reject all bids if none are satisfactory. However, the law does not allow the arbitrary selection of one bid, which is higher, and the rejection of other bids which are lower. The discretion must be exercised in a fair and legal manner and not arbitrarily. Haughton, supra; Budd, supra.
Thus, the crucial issue presented to the trial court, and which is now before us, is *1311 whether the parish council was arbitrary or unfair in making its determination of whether Rombach was the lowest responsible bidder. If the council was arbitrary or unfair in its determination, then its action would be illegal, improper, and in violation of La.R.S. 38:2212. Budd, supra.
Louisiana follows the general rule of vesting a public agency, in awarding a public works contract, with discretion, subject to judicial review. A court should not substitute its judgment for the good faith judgment of an administrative agency. The parish's reasonable, good faith interpretation of its own specifications should not be disturbed by a court whose views might be different. Systems Plus, Inc. v. East Jefferson General Hosp., 94-83 (La.App. 5 Cir. 5/31/94), 638 So.2d 404; D.M. Clement Contr. v. St. Charles Parish, 524 So.2d 86 (La.App. 5 Cir. 1988); Budd Const. Co., Inc. v. City of Alexandria, supra.
Applying these legal precepts, and finding no disputed facts in this case, we find that the trial court did not err in entertaining the motion for summary judgment and in granting said motion. We find that there are no genuine issues of material fact here which would preclude summary judgment. Rombach contends that he presented sufficient evidence to rebut the charges founded on the questionnaires sent out by Guthrie. Rombach argues that the trial court had to make a credibility determination in accepting the evidence presented by Guthrie over the evidence presented by him and that this involved a credibility call which makes the matter improper for summary judgment. However, we disagree and find that was not the issue before the trial court and it is not the issue presently before this Court.
The true issue involved here and the duty of the trial court, and of this Court, is to determine whether the parish council acted arbitrarily and/or unfairly in disqualifying Rombach. The duty is not to second guess the credibility calls made by the parish council, nor to upset the findings and decisions of the council where such findings are supported by proven facts and the record.
At the public hearing held before the Jefferson Parish Council, Rombach was given ample opportunity to refute the allegations made against him. The transcript of this hearing reflects that the parish considered all the evidence, including the evidence of disqualification, the refuting evidence presented by Rombach, and the experiences of several of the council members with renovations previously performed by Rombach in reaching its findings and making its decision. Then, all of the evidence considered by the council was presented to the district court, who then ruled that, based on the evidence before it which was the same evidence before the council, the council did not act arbitrarily and/or unfairly in disqualifying Rombach from the West Jefferson Project.
Likewise, we have considered all the evidence which was presented to the council and the district court reach the same conclusion as they did. Therefore, we also decline to substitute our judgment for that of the Parish Council, being of the opinion that the council did not abuse its discretion in finding that Rombach should be disqualified.
Accordingly, we find no merit to the allegation that there are genuine issues of material fact with regard to the disqualification of Rombach which would preclude summary judgment.

C. COLLUSION

Rombach lastly argues that the undisputed evidence does not refute his allegations of collusion among the architect, the contractor and the Jefferson Parish Council and, therefore, genuine issues of material fact exist which preclude summary judgment.
The council argues that Rombach's allegations are just thatmere allegations without any substantiating evidence whatsoever and that, therefore, these allegations do not create genuine issues of material fact.
In Jones v. City of Kenner, 442 So.2d 1242 (La.App. 5 Cir.1983), this Court said:
To determine whether there is a genuine issue of material fact, a trial court must, of necessity, examine the merits. Despite the presence of disputed facts, summary judgment will be granted as a *1312 matter of law if the contested issues of fact are so patently insubstantial as to present no genuine issues. Allegations without substance will not preclude summary judgment. See Metropolitan Bank of Jefferson v. Summers, 257 So.2d 179 (La.App. 4th Cir.1972), writ refused at 261 La. 462, 259 So.2d 914 (1972); City of Baton Rouge v. Cannon, 376 So.2d 994 (La.App. 1st Cir.1979); and Aydell v. Charles Carter & Company, 388 So.2d 404 (La.App. 1st Cir. 1980), writ refused at 391 So.2d 460 (La. 1980).
When documents in support of a motion for summary judgment are sufficient to resolve all genuine issues of material fact, the sufficiency shifts the burden to the other party to present evidence showing that a material fact is still at issue. Jones v. American Bank and Trust Company, 387 So.2d 1360 (La.App. 1st Cir.1980).
[Emphasis added].
In this case, Rombach alleges in his petition for damages that Clover, the second lowest bidder, and Guthrie, the architect, conspired with the Jefferson Parish Council to arbitrarily disqualify him. However, there is not one iota of evidence in the record to support this allegation.[3] The undisputed facts are that the questionnaires were sent out by Guthrie, not the parish council. There is no suggestion, and no evidence, however remote, that the answers to these questionnaires were untruthful and/or that the parish or any other defendant solicited untruthful information to disqualify Rombach.
Rombach also alleges various business and personal relationships between the various defendants involved herein; again, there is not one piece of evidence to show that any of these parties were deceitful and/or untruthful in their dealings with Rombach. The record does reflect, however, that the council did have independent evidence, namely the results of these questionnaires, and also personal experience with parish construction previously performed by Rombach in the past, to support its decision to disqualify Rombach.
Accordingly, we find that Rombach's allegations of misconduct and conspiracy are unsupported by any factual basis whatsoever and, therefore, do not create genuine issues of material fact to preclude summary judgment.

CONCLUSION
For the above discussed reasons, the decision of the trial court which granted summary judgment in favor of Jefferson Parish is affirmed. All costs are assessed against plaintiff, Rombach.
AFFIRMED.
NOTES
[1] Rombach also filed two other suits, which have already been resolved.
[2] Resolution No. 49827, of January 18, 1984, provided that:

SECTION 1. That the bid of Clover Contractors, Inc., conforming to and being the lowest responsible bidder meeting the specifications for Proposal No. 5565, for Phase IX Construction, Additions and Renovations to West Jefferson General Hospital, for the total price of $1,856,500.00 be and it is hereby accepted, since the low bidder, J.W. Rombach, Inc. did not meet specifications for responsibility.
SECTION 2. That this resolution shall take effect upon the Bid Specification Review Committee affirming the Hospital's disqualification of J.W. Rombach, Inc., as not meeting specifications or, if no hearing before said committee is requested, upon the expiration of the delays afforded the said low bidder for requesting same. Should the said committee not affirm the Hospital's disqualification, this resolution shall be deemed rescinded and shall have no effect.
[3] Rombach cites some depositions, which are not in the record and cannot be considered by this Court on appeal.