707 So.2d 1326 (1998)
B.F. CARVIN CONSTRUCTION COMPANY, INC.
v.
JEFFERSON PARISH COUNCIL and Garrity Construction.
No. 97-CA-913.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1998.
Lloyd N. Shields, Shannon K. Lowry, New Orleans, for Plaintiff/Appellant.
Ned J. Chiro, Assistant Parish Attorney, Harahan, for Defendant/Appellee.
Elliot M. Lonker, William P. Connick, Metairie, for Defendant/Appellee.
Before DUFRESNE, CANNELLA and DALEY, JJ.
DALEY, Judge.
This is an appeal taken by the plaintiff from a judgment granting the defendants' Exception of Unauthorized Use of Summary Proceedings, thereby dismissing plaintiff's petition.

FACTS:
The plaintiff, B.F. Carvin Construction Company, Inc. (hereinafter, Carvin), submitted a bid totaling $1,856,600.00 in response to the Parish's advertisement for bids for the "Construction of the Westbank Bus Fleet Maintenance Facility for the Department of Transit Administration." Garrity Construction Corporation submitted a bid of $1,894,000.00, which was the next lowest bid. The bids were opened on January 7, 1997. Carvin's *1327 president received a letter dated February 24, 1997, informing him that Carvin was not a "responsible bidder." Carvin responded to the letter on February 26, 1997, addressing each allegation as to why the Parish deem Carvin not to be a responsible bidder and requesting a hearing by the Bid Disqualification Review Committee. This hearing was set for March 31, 1997.
On March 26, 1997, the Parish Council passed a resolution awarding the contract for the project to Garrity, contingent upon the Bid Disqualification Review Committee upholding the disqualification of Carvin. Following the hearing, the Committee voted unanimously to confirm Carvin's disqualification. The Parish and Garrity executed a contract for the project on April 3, 1997.
Carvin filed an Application for Temporary Restraining Order, Petition for Declaratory Judgment, for Preliminary and Permanent Injunctions and for Writ of Mandamus on April 11, 1997, naming the Jefferson Parish Council and Garrity as defendants. The Parish and Garrity responded by filing Motion for Summary Judgment or Alternatively an Exception of Unauthorized Use of Summary Proceedings. The Motion for Summary Judgment was denied and the Exception of Unauthorized Use of Summary Proceedings was granted on April 28, 1997. Carvin's Motion for New Trial was denied on May 8, 1997.
The Parish applied for Supervisory Writs to this Court following the denial of their Motion for Summary Judgment. Based on the trial court's dismissal of the plaintiff's petition in granting the Exception of Unauthorized Use of Summary Proceeding, this Court dismissed the writ.
Carvin then filed a Devolutive Appeal from the granting of the Exception of Unauthorized Use of Summary Proceeding.
On appeal, the plaintiff argues that the trial court erred in granting the Exception of Unauthorized Use of Summary Proceedings and erred again in denying their Motion for New Trial. Carvin contends that because a resolution awarding the contract was passed prior to the hearing before the Bid Disqualification Review Committee, it was impossible for them to file for injunctive relief prior to the contract being awarded.
The Parish responds arguing that Carvin could have filed an injunction as soon as it received the disqualification letter. Instead they waited until after the contract was awarded. The Parish contends the only remedy available once the contract has been awarded is through ordinary proceedings based on LSA-R.S. 38:2220 B.

ANALYSIS:
LSA-R.S. 38:2220(B) provides in pertinent part:
... Any interested person may bring suit in the District Court through summary proceedings to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this part, or through ordinary proceedings to seek appropriate remedy to nullify a contract entered into in violation of this part.
In Benson Construction Company, Inc. v. City of Shreveport, 592 So.2d 1307 (La.1992) the plaintiff filed a summary proceeding to enjoin the continuation of a contract under the Public Works Act, which had already been awarded to the second lowest responsible bidder. The district court ruled that the plaintiff was limited to ordinary proceedings. The Second Circuit granted plaintiff's writ application and held that the trial court erred in deciding that injunctive relief was unavailable to the plaintiff. The Supreme Court granted writs and held:
After a contract is awarded a party seeking to nullify must proceed by ordinary proceeding. La. R.S. 38:2220(B). Id at 1307.
In the case at bar, Carvin contends that because Carvin had not been formally disqualified by the Bid Disqualification Review Committee when the Parish passed the resolution awarding the contract to Garrity, there was no time period during which a suit to enjoin the award would have been ripe. Our interpretation of the law is that seeking injunctive relief is not a prerequisite for the use of ordinary proceedings to seek nullification of a public works contract that has allegedly been wrongfully awarded. When damages are sought to be recovered by the unsuccessful bidder, a timely injunction must have been filed or the unsuccessful *1328 bidder must specifically plead why a timely suit for injunction was impossible. Whether or not a timely suit for injunction was impossible in this case is not before this Court. The only issue which must be decided in this appeal is whether or not the trial judge was correct in maintaining defendant's Exception of Unauthorized Use of Summary Proceeding. Once the contract was awarded, Carvin's sole remedy was through ordinary proceedings. Accordingly, we hold that the trial court was correct in maintaining defendant's Exception of Unauthorized Use of Summary Proceeding.
In their second and final assignment of error, Carvin argues that the trial judge erred in failing to grant Carvin's Motion for New Trial. Carvin contends that the Judgment signed on April 28, 1997, is contrary to the law and the evidence. Carvin states that the signed judgment does not say what the trial judge said in open court.
The transcript of the April 28 hearing before Judge Tieman states:
My ruling will be that the motion for summary judgment doesn't lie, that ordinary proceedings are to be used and therefore, the exception does lie as to prohibiting any summary proceedings.
The judgment signed by the court states:
It is further ordered, adjudged and decreed, that Defendants' Exception of Unauthorized Use of Summary Judgment is hereby maintained and Plaintiff's petition is dismissed at its costs.
For the reasons stated above, we do not feel that the judgement rendered April 28, 1997, was contrary to the law and evidence. We do note, however, that the signed judgment contains a typographical error and clearly the word "judgment" should be changed to "proceeding." The Parish attempted to have this error corrected in the trial court, but the Motion to Amend the Judgment to correct this typographical error was not signed.
Additionally, we note that plaintiff's entire petition did not seek to proceed by summary proceedings. Plaintiff only requested summary proceedings for injunctive relief and the writ of mandamus. Therefore, only the portions of the petition which sought relief via summary proceedings should have been dismissed and plaintiff is allowed to proceed with the remainder of his allegations through ordinary proceedings. Accordingly, we amend the Judgment of the trial court to read:
... Defendant's Exception of Unauthorized Use of Summary Proceeding in hereby maintained and Plaintiff's allegations which seek to be brought under summary proceedings are dismissed. Plaintiff is given leave to amend his petition and proceed in ordinary proceedings.
For the foregoing reasons, the judgment of the trial court is affirmed in part, amended in part and remanded for further proceeding consistent with this opinion.
AFFIRMED IN PART, AMENDED PART AND REMANDED.