WALTER J. ROTHSCHILD, Judge.
12This appeal involves the application of the Public Bid Law, La. R.S. 38:2212, et seq. For the reasons stated herein, we affirm the judgment of the trial court.
On March 9, 2010, A.M.E. Disaster Recovery Services, Inc. (“A.M.E”) brought this Petition for Temporary Restraining Order, Preliminary Injunction, Mandamus, and Permanent Injunction, or in the Alternative for Damages against the St. John the Baptist School Board and its president at the time, Gerald J. Keller. A.M.E alleged that in December of 2009, the School Board advertised for the receipt of bids for a public works project and that A.M.E submitted the lowest responsive bid on January 14, 2010. Although the School Board initially voted to award the contract to A.M.E on January 21, 2010, the School Board subsequently voted in a special meeting to vacate the award. The School Board then ^requested a disqualification hearing which was scheduled for March 10, 2010, and pending this hearing, the School Board refused to execute a contract for the project with A.M.E.
Plaintiff alleges that this action was -in direct violation of the Public Bid Law, and constituted irreparable injury to A.M.E as the successful bidder on the project. A.M.E sought a temporary restraining order to prevent the holding of the disqualification hearing. A.M.E also sought further *721 injunctive relief to prevent the School Board from talking any action other than execution of the contract for the project with A.M.E. In the alternative, A.M.E sought a judgment of nullity of any contract for the project to any contractor other than A.M.E, and also for damages due to the School Board’s breach of its duty to execute the contract with A.M.E.
The trial court denied the request for the temporary injunction, and the hearing was held on March 10, 2010 as scheduled. Plaintiff subsequently filed a supplemental and amending petition seeking to restrain the School Board from awarding this contract to a bidder other than A.M.E. The trial court denied the request for a restraining order, but set a hearing on plaintiffs request for preliminary injunction and for a writ of mandamus to defendants to accept A.M.E’s bid and execute the contract with A.M.E or to show cause to the contrary at the hearing on the preliminary injunction.
Following a hearing on March Bl, 2010, the trial court denied plaintiffs request for a preliminary injunction and a writ of mandamus. Written judgment was signed on April 1, 2010. Plaintiff now devolutively appeals from this judgment on the basis of several assignments of error.
A.M.E contends by this appeal that the trial court erred in denying injunctive relief as the School Board had no authority to disqualify their bid Rafter it had been awarded. A.M.E further argues that the School Board disqualified their bid for reasons not stated in the notice for the due process hearing and failed to comply with the requirements of Louisiana Public Bid Law.
A.M.E argues that following the acceptance of A.M.E’s bid on January 21, 2010, the School Board had a ministerial duty to enter into a written contract with A.M.E. In support of its argument, A.M.E relies on the provisions of La. R.S. 38:2216(A)(1), which state as follows:
When any bid is accepted for the construction or doing on any public works, a written contract shall be entered into by the successful bidder and the public entity letting the contract, and the party to whom the contract is awarded shall furnish good and solvent bond in the amount of less than one-half of the amount of the contract, for the faithful performance of his duties.
A.M.E argues that because the project was awarded, it could not be vacated and A.M.E could not be disqualified.
However, a review of the minutes for the School Board’s January 21, 2010 meeting reveals that a motion was carried “.. to award the base contract with no alternates to the apparent low bidder for the Gary-ville/Mt. Airy Renovation Project [A.M.E Disaster Recovery] contingent upon low bidder meeting all LA Public Bid Law and Contract Document Requirements and Specifications.” Although A.M.E. was recognized by the School Board as the apparent low bidder, the contract award to A.M.E. was contingent upon meeting the requirements of the Louisiana Public Bid Law.
The Advertisement for Bids contained in the record states that bidders must meet the requirements of the State of Louisiana Contractor’s Licensing Law, La. R.S. 37:2151, et seq. The Instructions to Bidders requires the ^bidder for this project to be “fully qualified under all Louisiana State Laws, and all local licensing laws for Contractors in effect at the time and at the location(s) of the Work before submitting his Bid ...”
Pursuant to La. R.S. 37:2160, it shall be unlawful for any person to engage or to continue in this state in the business of *722 contracting, or to act as a contractor, unless he holds an active license as a contractor. Further, La. R.S. 37:2158(E) provides that a contractor’s license may be revoked or suspended under law for failure to maintain a qualifying party to represent the licensee.
There is no dispute that at the time the bid was submitted by A.M.E. to the School Board in January of 2010, the qualifying party for the entity was listed as Burnell Moliere.[1] Although A.M.E. attempted to substitute the qualifying party in early January of 2010, Mr. Moliere’s voluntary withdrawal as the qualifying party did not become effective until February 18, 2010 and a substitution was not approved by the Louisiana State Contractor Licensing Board until March of 2010.
At the special meeting of the School Board on March 2, 2010, the Board noted Mr. Moliere’s removal as the qualifying party for A.M.E., and therefore voted to vacate the award to A.M.E on the basis A.M.E.’s contracting license was subject to revocation or suspension. Thereafter, a Due Process hearing was scheduled by the District Attorney to present information to A.M.E. as to the basis for the disqualification. At this hearing which was held on March 10, 2010, A.M.E. argued that at the time the bid was submitted, their license was intact and that Mr. Moliere was no longer a principal in the corporation. A.M.E. admitted however that Mr. Moliere | ^remained as an employee and sales representative for the company, earning the same salary as when he was a principal.
At its meeting on March 18, 2010, the School Board voted to disqualify A.M.E. and awarded the project to the next lowest bidder. Our task is to determine whether the School Board was within its authority in disqualifying this bidder.
La. R.S. 38:2212, which requires that advertising and the obtaining of competitive bids, is a prohibitory law founded on public policy. It was enacted in the interest of taxpaying citizens of this state, and its purpose is to protect these citizens against contracts awarded through favoritism, possibly involving exorbitant and extortionate prices. Haughton Elevator Division v. State, Through Division of Administration., 367 So.2d 1161 (La.1979); J.W. Rombach v. Parish of Jefferson, 95-829 (La.App. 5 Cir. 2/14/96), 670 So.2d 1305, 1308-1309.
A public agency awarding a public works contract is vested with the power and discretion to determine the responsibility of the bidder and to reject all bids if none are satisfactory. However, the law does not allow the agency to arbitrarily select one bid, which is higher, and reject other bids, which are lower. The agency’s discretion must be exercised in a fair and legal manner and not arbitrarily. J.W. Rombach, supra.
On review of the state agency’s exercise of discretion determining whether a bidder is the lowest responsible bidder, a court should not substitute its judgment for the good faith judgment of an administrative agency. The agency’s reasonable good faith interpretation of its own specifications should not be disturbed by a court whose views might be 17different. Systems Plus, Inc. v. East Jefferson General Hosp., 94-83 (La.App. 5 Cir. 5/31/94), 638 So.2d 404; J.W. Rombach, supra.
The duty of this court is to determine whether the School Board acted arbitrarily and/or unfairly in disqualifying A.M.E. J.W. Rombach, supra; B.F. Carvin Const. Co., Inc. v. Jefferson Parish Council, 98- *723 1189 (La.App. 5 Cir. 5/19/99), 735 So.2d 859, 866, writ denied, 99-787 (La.10/8/99), 750 So.2d 969. We conclude that the School Board acted "within the dictates of the Public Bid Law in the present case, and we will not disturb the lower court’s judgment.
A public body has the right to take into consideration a number of factors in deciding who is the “lowest responsible bidder.” The term “responsible bidder” is not limited in its meaning to financial resources and ability. What the public wants is quality performance of public contracts. Public authorities, therefore, are invested with discretionary powers to pass upon the honesty and integrity of the bidder, qualities which are essential to the faithful performance of the contract; upon the bidder’s skill and business judgment; upon his experience and facilities for carrying out the contract; previous conduct under other contracts; and the quality of previous work; as well as the bidder’s pecuniary ability. When that discretion is properly exercised the courts will not interfere. Housing Authority of Opelousas, La. v. Pittman Construction Co., 264 F.2d 695 (5th Cir.1959); see also, Broadmoor L.L.C. v. Ernest N. Mortal New Orleans Exhibition Hall Authority, 04-211 (La.3/18/04), 867 So.2d 651, 656-657.
In the present case, the record shows that Burnell Moliere was the qualifying party on A.M.E.’s contractor’s license at the time the bid in this case was submitted. At this time Moliere was a convicted felon, and A.M.E. |8was attempting to substitute another employee as the qualifying party, but this function had not yet been completed at the time the bid was submitted. Thus, at the time the School Board vacated its award to A.M.E., A.M.E. did not have an approved qualifying party as required by the Louisiana State Contractor’s Licensing Law. The fact that A.M.E.’s contracting license remained intact once the qualifying party was substituted does not diminish the grounds for disqualification which existed at the time the bid was submitted.
Although A.M.E. contends that the law requires the School Board to meet certain procedural safeguards prior to disqualification, we find the School Board was not in violation of these requirements. The School Board determined that A.M.E. was the lowest bidder on January 21, 2010, but awarded the contract on a contingent basis. Based on this contingency of meeting contract licensing requirements, A.M.E.’s reliance on the principles of contract law regarding offer and acceptance are misplaced. In short, the contract was not awarded on the date the bids were opened pending a determination of bid requirements.
Further, during this contingency period, the School Board was notified that the state licensing board was investigating the qualification of A.M.E.’s qualifying party and other matters regarding the license held by A.M.E. On this basis, the attorney for the School Board notified A.M.E. in writing that the Board was considering disqualification of A.M.E. as a responsible bidder for the project for failure to meet contracting requirements.
This letter, dated March 3, 2010, informed A.M.E. that the reason the company was being considered for disqualification was twofold: that one of |flthe company’s principals was a convicted felon and that A.M.E.’s license has been put on hold by the state licensing board. Although A.M.E. submits that neither of these reasons was the reason A.M.E. was eventually disqualified and therefore the requirement of due process was not met, we find otherwise. At the hearing held on March 10, 2010, testimony indicated that although Burnell Moliere was no *724 longer a principal for purposes of corporate records, he was still the named qualifying party for the corporation for licensing purposes at the time the bid in this case was submitted. The qualifying party is deemed to be the legal representative of the contractor without whom a contractor cannot obtain a license. La. R.S. 37:2156.1(D)(1). Further, there is no dispute that the state licensing board was investigating the qualifications of A.M.E.’s license at the time the bid was submitted, while it may not have put a “hold” on A.M.E.’s contractor’s license. This factor was a reasonable concern in the awarding of this public contract.
Our review of the March 3, 2010 disqualification letter as well as the transcript of the due process hearing held on March 10, 2010 convinces us that all procedural safeguards required by law were met in this case. Further, we find that the School Board did not abuse its discretion in determining that A.M.E. was not a responsible bidder pursuant to law at the time the bid in this case was submitted. We also find that the trial court did not err in denying A.M.E.’s request for a preliminary injunction and writ of mandamus. We conclude that the actions of the School Board in disqualifying this bidder were reasonable and in full compliance with the Louisiana Public Bid law.
j Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. A.M.E. is to bear all costs of this appeal.

AFFIRMED.

. The record in this case reveals that Mr. Burnell Moliere pleaded guilty to a felony in federal district court in 2008 and was sentenced to three years probation.