DYSART, J.,
concurs.
|,I concur with the majority’s finding that the trial court erred in granting a preliminary injunction and issuing a mán-damus. I write separately only as to the issue of the public hearing afforded by the City.
Under Lá. R.S. 38:2212(X), an informal hearing is required only “[i]f the public entity letting the contract proposes to disqualify any bidder, either as a potential bidder or as the low bidder, on grounds that such bidder is not a ‘responsible bidder.’ ” (Emphasis added). Our jurisprudence makes a distinction between a “non-responsible” party and a “non-responsive” bid. In A.M.E. Disaster Recovery Servs., Inc. v. St. John Baptist Parish Sch. Bd., 10-500, p. 7 (La.App. 5 Cir. 11/23/10), 54 So.3d 719; 723, the court discussed what is meant by a “responsible” bidder:
A public body has the right to take into consideration á number of factors in deciding who is the “lowest responsible bidder.” The term “responsible bidder” is not limited in its meaning to financial resources and ability. What the public ‘ wants is quality performance of public contracts.' Public authorities, therefore, are invested with discretionary powers to pass upon the honesty and integrity of the bidder, qualities which are essential to the faithful performance of the contract; upon the bidder’s skill and business judgment; upon his experience and facilities -for-carrying out the contract; previous conduct under other contracts; and the quality of previous work; as well as the bidder’s pecuniary ability.
|2A “non-responsive bid,” on the other hand, is one that does not comply with every detail of the request for proposal. See, e.g., Broadmoor, L.L.C. v. Ernest N. Mortal New Orleans Exhibition Hall Auth., Broadmoor, L.L.C. v. Ernest N. Mortal New Orleans Exhibition Hall *201 Auth., 04-0211 (La.3/18/04), 867 So.2d 651; Barriere Const. Co., LLC v. Terrebonne Parish Consol. Gov’t, 99-2271, p. 7 (La. App. 1 Cir. 2/18/00), 754 So.2d 1123, 1127 (“[t]he Public Bid Law could not be more clear in stating that a bidder’s failure to comply with every detail can invalidate the bid”).
In my view, because La. R.S. 38:2212(X) refers only to “responsible parities],” no hearing is needed when a bid is non-responsive. In this ease, the City determined that MST’s bid was non-responsive and advised MST of that finding on September 3, 2014. Under the express terms of La. R.S. 38:2212(X), the City was not required to provide MST with an informal hearing.